# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHNNIE LEGGETT,<br>*Reg.No. 67858-112*<br>  Defendant. | CR 14-00338 TJH<br><br>*AMENDED*<br><br>Order |

    The Court has considered Defendant Johnnie Leggett's motion for reconsideration of the Court's denial of his motion for a sentence reduction based on compassionate release [dkt. # 4310], together with the Government's notice of non-opposition.

    On December 7, 2016, Leggett pled guilty to conspiring to engage in racketeering activity, in violation of 18 U.S.C. § 1962(d), and conspiring to manufacture, distribute, and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On October 23, 2017, District Judge S. James Otero sentenced Leggett to 120 months. According to the Government, after Leggett filed the instant motion, the Bureau of Prisons ["BOP"] released him to a Residential Re-Entry Center, where he has performed satisfactorily. Leggett's anticipated sentence completion date is February 9,

2023.

Leggett is, currently, 67 years old, and suffers from stage 3 chronic kidney disease, type 2 diabetes mellitus, hyperlipidemia, hypertension, hypercholesterolemia, an enlarged prostate, and gout.

On August 19, 2020, the Court denied Leggett's motion for a sentence reduction based on compassionate release. In that motion, Leggett argued that he was entitled to a sentence reduction because of his health conditions, particularly in light of outbreaks of COVID-19 at the facility where he was incarcerated, and that he established an enumerated extraordinary and compelling reason as set forth in the United States Sentence Guidelines ["U.S.S.G."] § 1B1.13. The Court denied the motion because Leggett failed to provide evidence of his medical conditions or exhaustion of his administrative remedies. The Court, also, held that even if Leggett had provided such evidence, it would have declined to exercise its discretion to reduce his sentence based on its analysis of the factors set forth in 18 U.S.C. § 3553.

Leggett, now, moves for reconsideration of the Court's denial of his motion for a sentence reduction based on compassionate release.

The Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, but judges in the Central District of California have allowed them, and evaluate them under the standard set forth in Civil Local Rule 7-18. *See United States v. Singui*, No. 2:12-CR-00851-CAS, 2021 WL 3007163, at *2 (C.D. Cal. July 14, 2021). Pursuant to Local Rule 7-18, the Court can grant reconsideration of any motion based on the following: (1) A material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the moving party at the time of the Court's decision; (2) The emergence of new material facts or a change of law; or (3) A manifest showing of the Court's failure to consider material facts. L.R. 7-18. A party may not, however, repeat in a motion for reconsideration any argument previously made. L.R. 7-18.

Here, the law materially changed as a result of *United States v. Aruda*, 993 F.3d

797, 802. (9th Cir. 2021), in which the Ninth Circuit held that the enumerated reasons in § 1B1.13 were not exclusive and should be used to inform a District Court's discretion. Additionally, Leggett explained, here, that his chronic kidney disease has advanced from stage 2 to stage 3. Accordingly, Leggett has set forth a proper basis for reconsideration. *See* L.R. 7-18.

The First Step Act, Pub. L. 115-391, 132 Stat. 5194 ["First Step Act"] sought to increase the use and transparency of compassionate release by allowing defendants who have fully exhausted their administrative remedies to seek compassionate relief from the District Court. A defendant exhausts his administrative remedies by requesting that the BOP initiate a motion for release on his behalf and the BOP has either denied the request or failed to respond to the request within 30 days. *See* 18 U.S.C. § 3582(c)(1)(A). Here, Leggett provided evidence showing that the Federal Public Defender renewed Leggett's administrative request for compassionate release on May 5, 2021, and the Government did not dispute that Leggett has exhausted his administrative remedies.

The Government, also, did not dispute that Leggett had set forth an extraordinary and compelling reason justifying his compassionate release. Moreover, the Court, independently, finds that Leggett set forth an extraordinary and compelling reason.

If the Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the community, the Court may, after considering the factors set forth in 18 U.S.C. § 3553, reduce the defendant's sentence. *See generally*, *Aruda*, 993 F.3d at 802.

Having considered the factors set forth in 18 U.S.C. § 3553, and having determined that Leggett is not a danger to the community, the Court will grant Leggett's motion for compassionate release.

Accordingly,

**It is Ordered** that Defendant Johnnie Leggett's motion for reconsideration of the Court's denial of his motion for a sentence reduction based on compassionate release [dkt. # 4310] be, and hereby is, **Granted**.

**It is further Ordered** that the motion for a sentence reduction based on compassionate release [dkt. # 4102] be, and hereby is, **Granted**.

**It is further Ordered** that Defendant Johnnie Leggett be, and hereby is, **Resentenced** to time served as to all counts.

**It is further Ordered** that all other terms and conditions set forth in the October 23, 2017, Judgment and Commitment Order, including the terms of supervised release, shall remain in place, with the exception of the standard conditions of supervision, which, now, shall be governed by General Order 18-10.

**It is further Ordered** that Defendant *Johnnie Leggett* shall be released forthwith.

Date: March 29, 2022

Terry J. Hatter, Jr.
Senior United States District Judge

CC: BOP, USM